## COMMONWEALTH vs. JOHN COLLINS.

A recognizance, taken by a magistrate in a criminal case, reciting that the defendant had been convicted of a crime beyond his jurisdiction, and sentenced to recognize for his appearance at the next court of common pleas, and ordered to recognize for his appearance at that court to prosecute his appeal; and conditioned that he should appear at that court and abide its sentence, and in the mean time keep the peace and be of good behavior; is void.    -

SCIRE FACIAS on a recognizance entered into before the police court of Fall River on the 14th of December 1856, reciting that David Ragan had been brought before that court upon complaint for breaking and entering with intent to steal, and stealing in a dwelling-house, and " after due examination and trial," had been " convicted of the offence set forth in said complaint, and sentenced by said court to recognize in the sum of two hundred and fifty dollars for his appearance at the court of common pleas next to be holden at Taunton within and for the county of Bristol on the second Monday of March, and has been ordered by said police court to recognize in the sum of two hundred and fifty dollars, with sureties, then and there to appear and prosecute his appeal according to law ; " and conditioned that Ragan should " personally appear at said term of court, and there abide the sentence of the court thereon, and in the mean time keep the peace and be of good behavior."

At the trial in the court of common pleas in Bristol, the defendant objected that this was not a proper recognizance, nor one which the police court had a right to take in the case in which it was taken. *Aiken,* J. overruled the objection ; a ver-

dict was returned for the Commonwealth, and the defendant alleged exceptions.

*E. H. Bennett,* for the defendant. The police court of Fall River had no jurisdiction to convict Ragan of the offence recited in the recognizance, and therefore no right to order him to recognize " to appear and prosecute his appeal " from such conviction. In cases beyond the jurisdiction of a magistrate, the recognizance can only be to appear and answer to the charge in the court above. Rev. Sts. *c.* 135, § 4.

If the recognizance had been to appear and answer, the police court had no right to order him to recognize " to keep the peace and be of good behavior." Such a recognizance can only be required on an appeal. Rev. Sts. *c.* 138, § 1.

*S. H. Phillips,* (Attorney General,) for the Commonwealth. The police court of Fall River had authority to take the accused's recognizance to appear and answer at the court of common pleas. Rev. Sts. *c.* 85, § 25; *c.* 135, § 17. *St.* 1852, *c.* 304, § 1. *Commonwealth* v. *M'Neill,* 19 Pick. 127. The recognizance taken shows with sufficient certainty that he was bound over for trial, and that the police court did not assume jurisdiction to try him. Records of justices will be liberally construed, with little regard to mere technical accuracy. *Lawrence* v. *Souther,* 8 Met. 166. *Commonwealth* v. *Sullivan, ante,* 203. But if there is any formal defect, it is cured by the Rev. Sts. *c.* 135, § 30, which provide that no such action shall be defeated " by reason of any defect in the form of the recognizance, if it sufficiently appear from the tenor thereof at what court the party was bound to appear, and that the court or magistrate before whom it was taken was authorized by law to require and take such recognizance."

BY THE COURT. The police court had only power to examine and commit for trial. But the recognizance states a conviction and appeal. It is too defective to be the subject of a suit.

*New trial in this court.*